UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-4105 CAS (PLAx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | BILL BUXTON V. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**   **(In Chambers:) ORDER REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT**

I.   INTRODUCTION

On April 26, 2013, plaintiff Bill Buxton initiated the instant action in the Los Angeles County Superior Court against defendant Wells Fargo Bank, N.A.  Plaintiff asserts claims for: (1) breach of contract; (2) wrongful foreclosure in violation of California Civil Code § 2923.5; (3) declaratory relief; (4) cancellation of instrument per California Civil Code § 3412; (5) fraud in origination of his loan; (6) breach of the implied covenant of good faith and fair dealing; (7) rescission; (8) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), based on underlying violations of California law.

On June 7, 2013, defendant filed a notice of removal to this Court, contending that the Court has diversity jurisdiction based on the parties' citizenship.  On August 8, 2013, this Court issued an order to show cause why this case should not be remanded to Superior Court for lack of subject matter jurisdiction. Dkt. 12.  Defendant failed to respond.

II.   ANALYSIS

First, the Court concludes that it does not have subject matter jurisdiction over plaintiffs' claims on the basis of diversity.  "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants. Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-4105 CAS (PLAx) | Date | August 21, 2013 |
| Title | BILL BUXTON V. WELLS FARGO BANK, N.A. | | |

Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted).  As this Court has found before, a national bank is a citizen of both the state where it has its main office, as designated by its articles of association, and the state where it has its principal place of business.  See Ochoco v. Wells Fargo Bank, N.A., No. CV 12-6196, (C.D. Cal. Aug. 16, 2012) (citing Rouse v. Wachovia Mortg., FSB, No. EDCV 11-0928, 2012 WL 174206, at *14 (C.D. Cal. 2012)).  Absent further guidance from the Ninth Circuit, the Court is disinclined to revisit this conclusion here.  Therefore, because the Court finds that Wells Fargo's principal place of business is in California and plaintiffs are California citizens, the Court cannot exercise jurisdiction on the basis of diversity of citizenship.

Moreover, because plaintiff's complaint asserts only state law claims, it does not appear that the Court may exercise federal question jurisdiction over this case. Accordingly, there does not appear to be a basis for the exercise of this Court's subject matter jurisdiction, making removal of this action improper.

### III.   CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |